**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Melville, Jr., | No. CV-18-01703-PHX-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Bruce G. Macdonald's Report and Recommendation (R&R) recommending that the District Court deny and dismiss Petitioner Paul Melville, Jr.'s Petition for Writ of Habeas Corpus as untimely. (Doc. 22.) Melville filed an Objection, and the State filed a Response. (Docs. 23, 24.)

After an independent review of the parties' briefing and the record, the Court will overrule Petitioner's objection and adopt Magistrate Judge Macdonald's recommendation.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue

that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Further, a party is not entitled as of right to de novo review of evidence or arguments which are raised for the first time in an objection to the report and recommendation, and the Court's decision to consider newly-raised arguments is discretionary. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

## DISCUSSION

### I.   Background[1]

Following a jury trial, Melville was convicted of two counts of armed robbery and four counts of aggravated assault. (*Id.* at 4.)[2] He was sentenced to terms of imprisonment totaling 18 years. (*Id.*) On direct appeal, the Arizona Court of Appeals affirmed Melville's conviction and sentence by order dated July 29, 2014. (*Id.* at 5.) On October 17, 2014, the Court of Appeals issued its mandate, stating Melville had not filed a motion for reconsideration or sought review with the Arizona Supreme Court. (*Id.* at 6.) On October 1, 2014, Melville timely filed a Notice of Post-Conviction Relief. (*Id.*) On March 28, 2015, the PCR court denied Melville's petition for Post-Conviction Relief. (*Id.* at 7.) Melville timely sought appellate review of the denial. (*Id.*) By Order dated April 18, 2017, the Arizona Court of Appeals granted review, but denied relief. (*Id.* at 8.) On June 7, 2017, the Arizona Court of Appeals issued its mandate. (*Id.*)

On June 4, 2018, Melville filed the pending Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) The State filed a limited

---

[1] The R&R sets forth the complete factual background. Neither Melville nor the State object to the facts relied upon in the R&R. The Court restates the facts necessary to address Melville's objection.

[2] According to the Arizona Court of Appeals, in early November 2012, Melville, along with his father, burst through the front door of an apartment with guns drawn. (Doc. 22, p. 2). Three people were inside the apartment; Melville ordered them to the ground at gunpoint and bound their hands with zip-ties. (*Id.*) The Melvilles searched the victims' pockets, taking keys, cash, and cell phones, before leaving the apartment. (*Id.*) In the parking lot, the Melvilles encountered a fourth victim about to enter his car. (*Id.*) Melville's father threatened the victim with his gun and searched the car and the victim's briefcase. (*Id.*) Melville and his father then returned to their own car and drove away. (*Id.*)

Answer to the Petition, seeking dismissal on the ground of untimeliness.

## II. Discussion

### A. Statute of Limitations

The Magistrate Judge recommends denying Melville's petition as untimely. (Doc. 22, pp. 9-13.) In the R&R, the Magistrate Judge explained:

> Petitioner must have filed his habeas petition within one year from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On July 29, 2014, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on direct review. As such, Petitioner's judgment became final on September 2, 2014, after the expiration of the thirty-five (35) day period to seek review in the Arizona Supreme Court.

(Doc. 22, p. 10 (internal citation omitted.).) As the limitations period was triggered on September 2, 2014, the Magistrate Judge concluded that 29 days of the limitations period ran between September 2, 2014 and October 1, 2014, when Melville filed his PCR petition, statutorily tolling the limitations period. (*Id.*, p. 11.) The remaining limitations period began on June 7, 2017, and expired on May 9, 2018, 336 days after the appeals court issued its mandate finalizing its order denying PCR relief.[3] (*Id.*, p. 12.) The Magistrate Judge found no apparent basis for equitable tolling on the record. (*Id.*, p. 13)

In his objection to the R&R, Melville challenges only the Magistrate Judge's conclusion that his convictions became final on September 2, 2014.[4] Melville argues that his convictions did not become final until October 17, 2014, when the Arizona Court of Appeals issued the mandate denying his direct appeal. Melville asserts Rule 31.22(a), Arizona Rules of Criminal Procedure, compels this result because that rule states: "An appellate court retains jurisdiction of an appeal until it issues the mandate." (Doc. 23, p. 1.) Melville reasons that the order affirming his convictions could not be final if the

---

[3] The Magistrate Judge determined that the PCR proceedings terminated on June 7, 2017, when the appeals court issued its mandate. (Doc. 22, p. 12.) The Magistrate Judge found that a judgment is not final under Arizona law until the mandate has issued. (*Id.*)

[4] If the time period between September 2, 2014, and October 1, is not counted in the limitations period, Melville's habeas petition would be timely filed.

court of appeals retained jurisdiction. (*Id.*)

Melville's reliance on state law is misplaced. When a judgment of conviction is final for purposes of 28 U.S.C. § 2244(d) is determined exclusively by federal law. *Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001). "[U]nder the statute, a judgment becomes 'final' in one of two ways—either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Id.* at 897 (interpreting finality under 28 U.S.C. § 2244(d)(1)).

Because Melville did not appeal the Court of Appeal's' July 29, 2014 decision affirming his convictions, his convictions became final, pursuant to 28 U.S.C. § 2244(d), when his time to seek review expired. Under the then-applicable Arizona Rules of Criminal Procedure, the time to seek review was 35 days. Ariz. R. Crim P. 31.19(a), 1.3(a).[5] The appeals court issued its decision on July 29, 2014. Thus, the decision became final thirty-five days later, on September 2, 2014. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (a direct appeal from the Arizona Court of Appeals is "final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court" (quoting *White v. Klitzkie*, 281 F.3d 920, 924 n.4 (9th Cir. 2002))). Because Melville's convictions became final on September 2, 2014, Melville's June 4, 2018 petition is untimely. No period of tolling excuses the untimeliness.

### III.   Denial of Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A COA may issue

---

[5] The Court cites the rules in effect at the time. Rule 31.19(a) provided a party with thirty days in which to file a petition for review. Rule 1.3(a) added five additional days; "Whenever a party has the right or is required to take some action within a prescribed period of service of a notice or other paper . . . five calendar days shall be added to the prescribed period."

only when a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying these standards, the Court concludes that a certificate should not issue, as resolution of the petition is not debatable among reasonable jurists.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Report and Recommendation (Doc. 22) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Melville's Petition for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) is **DENIED AND DISMISSED** with prejudice. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated this 10th day of May, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge